v. SECRETARY OF VETERANS' AFFAIRS, 2011-71-81, Mr. Stoltz. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. The legal standard under 38 CFR Section 3.304F is whether there is credible supporting evidence that the claim to in-service stressor occurred. Haven't you just disqualified your case? Whether there is credible evidence is a question of fact or application of law to fact over which we have no jurisdiction. The question of whether there is credible supporting evidence and an investigation of the evidence would be the investigation of fact. What we have here, Your Honor, is the Veterans Court not articulating the correct legal standard and not interpreting the regulation nor the statute, 1154A, correctly when it held Mr. Belcher to a higher standard than the credible supporting evidence standard. In other words, in its decision, it required something that it called meaningful support. Meaningful support is found nowhere. What is the difference between meaningful support and credible supporting evidence? The difference is hard to state because the Veterans Court did not provide any definition of meaningful. How do you know it is something other than credible supporting evidence? It doesn't seem that distant conceptually to me. It is distant conceptually. It may not be distant conceptually, but it is enough conceptually to be a higher standard than that found in the regulation and the law. Meaningful seemed to require some type of medical evidence taken in context of the Board's decision and the Veterans Court's reasoning such as it is. Meaningful is something that means something to them, and they tend to look just at the lay testimony, not the totality of all of the evidence here, all of which is credible. In fact, Mr. Belcher has never been found incredible. He has never been found incompetent. All of the evidence, it is not just the lay testimony that he fell into the water, him talking about what happened to him. It is all of this credible supporting evidence. It is the fact that he was where he says he was. Well, do you dispute that in this case corroborating evidence was necessary? Corroborating evidence is necessary. Was he placed, stressed, or occurred? The corroborating evidence is all there. Everything corroborates his story. He was aborted. That may or may not be the case, but as you well know, that is not our job. Absolutely, Your Honor. So all you've got is if we conclude or if we agree with you that the term meaningful support is clearly different and distinguishable and a standard other than credible supporting evidence. Is that what this case comes down to? Yes. The meaningful support is the legal interpretation. But in order to understand, I think, because, again, the veteran's court provided no definition of meaningful, and because meaningful doesn't exist in the statutes or the regulations at play in this case, I think that you do have to read it contextually. And contextually, reading both the board and the veteran's court's decision, meaningful has to be something more than credible. Because everything that has been submitted in this case is credible. There is no argument, to my knowledge, in this case, over the fact. Factually, we're not here to argue. So the only thing that we're left with is looking at whether or not the veteran's court articulated and interpreted the right legal standard. And meaningful support has to be something more than credible. Credible is a low bar. It's a veteran's regulation. It's a veteran's statute. Credible is a low bar. It's something akin to at least as likely as not. Meaningful has to mean something more than that, because otherwise the veteran's court would have found it in Mr. Belcher's favor. And so, yes, the legal question here is the meaningful support. But I think that read contextually in light of the factual background, if you will, it does show how the veteran's court did interpret the law incorrectly here and held Mr. Belcher to far too high of a standard. Am I correct that somewhere in the record there was a statement that there would be an offer of an affidavit by Mr. Belcher's court sergeant or gunnery sergeant and that that wasn't per offer? The board discussed that. And it was discussed – I forget where on the board's decision. I could find it if Your Honor wants. But the board did discuss that and said that an affidavit was promised and that it was not forthcoming. The reasons that the affidavit never made it to the file I cannot – I do not know. But regardless, he still held to the legal standard here. And the legal standard is credible supporting evidence, and it's supposed to be placed time and circumstance – or I'm sorry, placed type and circumstance under 1154A. And Mr. Belcher has given the place. It's consistent with the type, and it's consistent with his circumstances. And so therefore, he meets what credibility – and again, he's never been found not credible. Had the board or some finder of fact found that Mr. Belcher was not credibly reciting fact, then I suppose the meaningful support part of this would be a lot harder for me to get up to come before Your Honors and point to that as the misinterpretation of the law. So that's not the case here. Everything in the record is credible. So meaningful must mean something more. Taken in context, meaningful must mean – especially with the board, I think that they were – and this is just reading into it – were requiring medical evidence that they needed his treatment records, and without any treatment record whatsoever they were going to deny his claim. If medical evidence is meaningful evidence, that's not the right standard. It's, again, credible supporting evidence, which we have here. Isn't that just another word relating to evaluating the evidence? Meaningful versus credible? It's another word, but in this case it has to mean something more than credible. Credible is a low standard, and credible is what's found in the regulation. Credible is what's found in the statute. Had the court made a credibility determination here, I think that it would be back – as far as a factual question, I think that Your Honors would probably lack jurisdiction. Had the court made a credibility determination, that's not what they did. They got into whether it was meaningful to them. Again, I don't quite know what meaningful means to the Veterans Court in this situation, but I do know, and with confidence can state that it does mean something more than credible. Doesn't it mean persuasive? I think it can, Your Honor. Which involves looking at the facts. We're not supposed to do that. But the Veterans Court should be reversed and told to, in order to apply the correct standard, it shouldn't be looking to whether there's persuasive evidence. I'm sorry? Send it back so they can do it again with the correct words. With the correct standard. The standard that's found in the regulation, and the standards that are found in 1154A. I don't think that this is just a matter of some kind of non-prejudicial word, because again, it can't be, because everything that Mr. Belcher has submitted, and I don't want to belabor any facts because I know that you can't look at them, but with the background. Well, the board concluded the same, right? The Veterans Court of Veterans Claims was affirming the board, and the board used the right standard, right? Well, the Board of Veterans Appeals seemed to be looking at the medical evidence. I think that's what happened with the board. Excuse me, Your Honor. They used the right – I'm talking about the standards. They used the term credible supporting evidence, right? They used the – I'm sorry, Your Honor. They used the term, the correct term. They didn't use what you claim is a different and incorrect term, meaningful support. They used credible supporting evidence, right? They cited the regulation and said credible supporting evidence. But then once it found that he was – that Mr. Belcher, the veteran, was credible, they didn't apply that standard correctly. They started talking about how – again, it seems to me that they – it seems in reading this that they're holding him to an evidentiary standard of he has to have contemporaneous medical evidence of exactly what happened, some type of snapshot or something just that is bulletproof here. They cite the right standard, but that's not the standard that they used. Again, logically it cannot be because everything that Mr. Belcher has said here is credible, and it is supporting. So the board in its boilerplate, yes, applies the correct words, but did not apply them correctly. And the veterans' board, I think, really exposes, in a way, exposes the board there because it held Mr. Belcher to that meaningful support standard, which I think does go to show that the board also used the wrong standard. We'll save the rest of your time if you like. Yes, Your Honor. Thank you. Ms. Grigsby. Is meaningful a different standard? No, Your Honor. Meaningful is not a different standard. And as used in the veterans' court opinion, it's important to note that the veterans' court stated the full sentence is, although there need not be corroboration of every detail of the alleged stressor, the evidence, Mr. Belcher, of his stressor is insufficient as it fails to provide meaningful support to his allegation that he fell from a ship, nearly drowned, and injured his hand. That's at page 3 of the appendix. Here, meaningful support is just used as the persuasive value of the evidence. And in fact, on page 2, the veterans' court does cite the credible supporting evidence standard. As this court has observed in its questions, at essence, this case comes down to Mr. Belcher's request to reweigh the evidence or to challenge the persuasiveness of the evidence supported of his PTSD stressor. But under statute, this lies outside this court's jurisdiction, and specifically 7092D2. Although Mr. Belcher now makes a distinction between the facts, really this may be an application of law to the facts, but that's still outside this court's jurisdiction under 70292D2. Basically, as stated in the brief, under the regulation 3.304 Part F, the requirements are a PTSD diagnosis, a nexus between the diagnosis and service, and for a non-combat veteran and one not subject to certain exceptions, credible supporting evidence that the PTSD stressor occurred. In this case, the board needs specific findings that there was no credible supporting evidence. And in fact, this case is very similar to this court's precedent in Stone v. Nicholson, where there was no affidavit or other evidence aside from Mr. Belcher's own statement. And in Stone, this court observed, a veteran's own statement cannot serve as credible corroboration of his own allegations as to the in-service stressor. So here we only have his statements alone and nothing else. So the board merely applied the regulation, which this court has upheld in National Organization of Veterans Advocates, the 2003 decision, and decided and made a factual finding that Mr. Belcher did not meet the requirements to show that his PTSD was service-connected. Therefore, for these reasons, we request that you dismiss this appeal outside this court's jurisdiction under 38 U.S.C. 7092D. Thank you, Liz. Mr. Stoltz, do you have any rebuttal? Thank you, Your Honor. I have a very short rebuttal, and that is, I think, another problem with the Veterans Court's decision here. My opponent just made the same mistake. She mentioned that the only evidence we have is Mr. Belcher's statement. You're going to ask us to weigh it. You're going to talk about the SCAR, right? I was just going to say all of it. But that's weighing the evidence. But, again, that only supplies the background for the fact that meaningful evidence that the Veterans Court held Mr. Belcher to has to be a higher standard than credible supporting evidence. As I said before, the credible supporting evidence, bearing in mind that this is a veterans case where the law is supposed to be deferential to the claimant in this system, credible is what we have here. Everything that he has submitted is credible. Everything is supportive. Everything complies with the statute. What the court had to have done is holding him to airtight evidence, airtight contemporaneous evidence. That is not the standard that is found in the regulation. That is the interpretation of law here, and that is the problem with the Veterans Court's decision. I would argue that this court should reverse the Veterans Court's decision and order it to interpret the law correctly and hold Mr. Belcher to the correct evidentiary standard. Thank you, Mr. Stoltz.  Thank you, Your Honor.